Judgment affirmed.

SEPT'R TERM, 1841.

Hawkins v. The State.

---

## EX PARTE OWEN.

Under the 2d sec. of the act making allowance for the transportation of convicts to the Penitentiary, approved 1st Feb., 1839, the guards are allowed, as full compensation for their services, one dollar and seventy-five cents per day, and eight cents per mile, and cannot claim the additional allowance of one dollar and fifty cents for every criminal. Quære, whether this court has jurisdiction in any district except that wherein the seat of government is situated, to hear and determine applications for a mandamus on the Auditor of Public Accounts?

Application for Mandamus to Auditor Public Accounts.

*Opinion of the Court by Napton Judge.*

The following facts are agreed between petitioner and the circuit attorney: " At the March term, 1841, three prisoners were convicted and sentenced to the State Penitentiary. James H. Owen, as Sheriff of Platte county, carried said convicts to the State Penitentiary, and L. C. Jack, Moseby N. Owen, John W. Vineyard and J. Staunton, were guards, who assisted him in transporting said convicts. An account was presented to the Auditor of Public Accounts, and a warrant on the State Treasurer demanded for services charged in said account; that all said account was allowed by the Auditor, except the 4th item, allowing $1 50 per diem

Under the 2d sect. of the act making allowance for the transportation of convicts to the Penitentiary, approved 1st Feb. 1839, the

SEPT'R TERM, 1841.

Ex parte Owen.

guards are allowed, as full compensation for their services, one dollar and seventy five cents per day and eight cents per mile, and cannot claim the additional allowance of one dollar and fifty cents for every criminal. Quære, whether this court has jurisdiction in any district except that wherein the seat of government is situated, to hear and determine applications for a mandamus on the Auditor of Public Accounts?

for each of said four guards, amounting in the whole to $108. The guards were allowed $1 75 per day for their services, and 8 cents a mile for travelling expenses. The whole account was presented to the circuit court of Platte county, and by the judge and circuit attorney certified to the auditor for his warrant. The petitioner asks a mandamus upon the Auditor, requiring him to audit and allow the said item of $108 in said account.

Waiving the question, whether this court would have jurisdiction in any district except that wherein the seat of government is situated, to hear and determine this and similar motions, the court are unanimously of opinion, that the construction given by the Auditor of Public Accounts, to the second section of the act of 1838-9, page 93, under which this account was presented, is correct.

Motion overruled.